Holly Pranger (SB#215270)
Scott Lonardo (SB#285001)
PRANGER LAW PC
88 Guy Place, Suite 405
San Francisco, CA 94105
Telephone:      (415) 885-9800
Facsimile:       (415) 944-1110
hpranger@prangerlaw.com
slonardo@prangerlaw.com

Attorneys for Plaintiff,
Emergent Law P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMERGENT LAW P.C.,<br>a Washington Professional Corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>PERKINS LAW FIRM, LLC,<br>a South Carolina Limited Liability Company,<br><br>　　　　　　　　　　Defendant. | Case No.  3:19-cv-8180<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Emergent Law P.C. ("Emergent Law"), through its undersigned counsel, seeks a judicial declaration that it does not infringe and has not infringed any trademark rights of Perkins Law Firm, LLC ("Perkins Law"), that Emergent Law is not engaging and has not engaged in any acts of unfair competition, and that any claim by Perkins for trademark infringement or unfair competition against Emergent is barred by the doctrine of laches, and avers as follows:

## THE PARTIES

1. Plaintiff Emergent Law is a professional corporation formed under the laws of the State of Washington with places of business in San Francisco, California and Sequim, Washington.

2. On information and belief, Perkins Law is a limited liability company organized under the laws of South Carolina with its principal place of business in Greenville, South Carolina.

## JURISDICTION AND VENUE

3. This declaratory judgment action arises in part under and pertains to the trademark and unfair competition laws of the United States, 15 U.S.C. § 1051, *et seq.* The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) and (b) (trademarks and unfair competition), and 15 U.S.C. § 1121 (Lanham Act).

4. The Court further has jurisdiction over this action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. The Court has personal jurisdiction over Perkins Law, which has committed acts with knowledge that the effects of its acts would be felt by Emergent Law in this district, operates a website accessible to users in this district, and has communicated with counsel in this district.

6. Venue is proper under 28 U.S.C. § 1391(b)-(c) in that Perkins Law is subject to personal jurisdiction in this judicial district and the acts complained of herein took place within this judicial district.

## INTRADISTRICT ASSIGNMENT

7. For purposes of intradistrict assignment pursuant to Civil Local Rules 3-2(c) and 3-5(b), intellectual property actions are assigned on a district-wide basis.

## GENERAL ALLEGATIONS

### EMERGENT LAW

8. Emergent Law is a different kind of law firm that focuses on representing technology startups and emerging companies as a contract in-house legal team, participates directly in environmental activism, and emphasizes bringing a human element to the practice of law. Emergent Law does not offer any litigation services. Emergent Law's Founder and President, Sean Butler, first began using the mark EMERGENT in 2012, and at the time of adoption, there was no constructive notice of the Perkins Law Firm, LLC's claim of trademark rights nor was there any website at the time.

9. Mr. Butler is licensed to practice law in California and Washington. Emergent Law lists its address as being Sequim, Washington and the San Francisco Bay Area, California.

10. Emergent Law has invested substantial time and money developing goodwill in the EMERGENT AND EMERGENT LAW marks, and those marks have become valuable to Emergent Law.

11. Emergent Law acquired the domain name www.emergentlawgroup.com in 2012, the domain name www.emergentlaw.co in 2015, and the domain name www.emergentlaw.com in 2018. These domains all currently direct to the web site at www.emergentlaw.com, easily discoverable by anyone searching "Emergent Law" on the Internet.

12. Emergent Law's website has the look and feel of a modern technology company's website, with a sleek design. It uses the design shown below on its website.



### PERKINS LAW

13. Perkins Law is a law firm in Greenville, South Carolina with a focus on litigation, intellectual property, employment, and corporate work.

14. The firm's website at www.johnperkinslaw.com ("the Perkins Law Firm website") lists one attorney, John R. Perkins, Jr. The "Our People" portion of the site indicates that "John R.

3
COMPLAINT FOR DECLARATORY RELIEF

1  Perkins, Jr." practices in the firm's Litigation, Corporate, Employment, and Intellectual Property
2  Groups" with a focus on "all aspects of business and intellectual property law, with particular
3  emphasis on complex litigation, mediation, and strategic business counseling."

4      15.    According to records in the WHOIS database showing owners of domain names,
5  John Perkins is also the listed owner of the domain name www.emergentlawfirm.com ("the
6  Emergent Law Firm website").  The WHOIS records show that this domain was registered on
7  October 10, 2014.

8      16.    The content of the Perkins Law Firm website and the Emergent Law Firm website
9  appears to be identical or nearly identical with the exception of the term "Perkins" being replaced
10 by the term "Emergent."  Both sites have a more traditional law firm website appearance and
11 layout, using similar elements as shown below:

 

15     17.    The Perkins Law Firm website and the Emergent Law Firm website both list the
16 same physical address and the same phone number, have the same color scheme and look and feel,
17 have the same menu options on top, list the same news in the "News" section, and have
18 substantially the same content on each page.  On the Emergent Law Firm website, one page
19 (http://emergentlawfirm.com/john-perkins.html) refers to the firm as "Perkins," and Mr. Perkins
20 lists his email as jperkins@johnperkinslaw.com and the links presented there for Facebook and
21 LinkedIn both link to pages for the Perkins Law Firm, respectively at
22 https://www.facebook.com/The-Perkins-Law-Firm-246601052075987/ and
23 https://www.linkedin.com/company/perkins-law-firm-llc/about/.

24     18.    The United States Patent and Trademark Office ("USPTO") records also show that
25 Perkins Law owns U.S. Trademark Registration No. 4,903,968 for the mark EMERGENT LAW
26 FIRM for use in connection with "legal services, namely, providing customized documentation,
27 information, counseling, advice and consultation in all areas of corporate, employment, litigation,
28

1  and intellectual property law." Perkins Law filed the application on October 19, 2014 and claims
2  use of the EMERGENT LAW FIRM mark at least as early as November 11, 2011.

3  19. In the many years since both Emergent Law and Perkins Law have been using
4  EMERGENT LAW for legal services, Emergent Law is not aware of any instances of consumer
5  confusion or mistake, and Perkins Law has not identified any such instances in correspondence
6  with Emergent Law.

**PERKINS LAW'S CEASE AND DESIST LETTERS**

20. On October 17, 2019, Perkins Law contacted Emergent Law asking Emergent Law to cease using the EMERGENT mark in connection with legal services. Thereafter, the parties held a phone call and had several more rounds of written correspondence.

21. On Friday, December 13, 2019, Perkins law sent a letter to Emergent Law demanding that Emergent Law "cease and desist further use of the EMERGENT LAW FIRM® trademark and all other confusingly similar trademarks no later than December 19, 2019," asking for assurances by December 16, 2019.

22. The December 13, 2019 letter also stated that, "[i]f we do not hear from you by that date [December 16, 2019], we will move forward with all available remedies to stop the referenced infringement."

23. Accordingly, an actual case or controversy has arisen and exists between the parties for which Emergent Law seeks a declaration of its rights with respect to use of the EMERGENT and EMERGENT LAW marks. The controversy includes at least whether Emergent Law's EMERGENT and EMERGENT LAW marks create no likelihood of confusion among the relevant trade and consumers as to the source, origin, or sponsorship of the parties' respective goods and services, and does not amount to unfair competition under federal or state laws. Moreover, the controversy includes whether Perkins Law's claims for trademark infringement and unfair competition are barred by the doctrine of laches.

Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105

# FIRST COUNT

## Declaration of No Trademark Infringement, False Designation of Origin, or Unfair Competition

24. Emergent Law realleges and incorporates by reference each and every one of the allegations contained in paragraphs 1-23 above, as though fully set forth herein.

25. There is no likelihood of confusion arising from Emergent Law's use of its EMERGENT and EMERGENT LAW marks. Emergent Law is not infringing and has not infringed any Perkins Law trademark.

26. Emergent Law's use of its EMERGENT and EMERGENT LAW marks does not constitute false designation of origin or false description.

27. Emergent law's use of its EMERGENT and EMERGENT LAW marks does not constitute any unlawful, unfair, or fraudulent business act or practice.

28. By way of example only, and without limitation, there is no likelihood of confusion at least because Emergent Law and Perkins Law operate in different geographic markets, the parties provide different core legal services, the parties target a different client base, the relevant clients are highly sophisticated and are unlikely to be confused by the parties' marks, the parties' legal services are expensive and, accordingly, potential clients will take care in selecting them, and engagement of the parties typically requires a telephone conference or correspondence before it occurs, during which time potential clients will communicate with the respective parties.

29. Emergent Law is entitled to and seeks a judicial determination that its use of the EMERGENT and EMERGENT LAW marks does not infringe any of Perkins Law's alleged trademarks under federal law.

# SECOND COUNT

## Declaration that Perkins Law is Barred by Laches from Alleging Trademark Infringement or Unfair Competition Against Emergent Law

30. Emergent Law realleges and incorporates by reference each and every one of the allegations contained in paragraphs 1-29 above, as though fully set forth herein.

1  31. Emergent Law's Founder and President began using the mark EMERGENT at least as early as 2012, and registered domain names incorporating that term in 2012, 2015, and 2018.

32. In its December 13, 2019 letter, Perkins Law claimed that it "carefully monitors the Internet in relevant markets for infringement and unfair competition."

33. Upon information and belief, when Mr. Perkins registered the domain www.emergentlawfirm.com in 2014, Mr. Perkins likely would have discovered the domain www.emergentlawgroup.com and would have discovered Emergent Law, if it had not done so earlier through its careful monitoring of the Internet.

34. Upon information and belief, Perkins Law knew or should have known of Mr. Butler's use of the EMERGENT and EMERGENT LAW marks at least as early as 2014.

35. Perkins Law unreasonably delayed in enforcing its trademark rights.

36. Perkins Law's delay in enforcing its trademark rights caused prejudice to Emergent Law, namely because Emergent Law continued to invest in its marks, continued to market it services to clients and potential clients under the brand EMERGENT and EMERGENT LAW, and built further goodwill in its mark.

37. Accordingly, the doctrine of laches bars any claim by Perkins Law for infringement or unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Emergent Law prays for the following relief:

A. Judgment in Emergent Law's favor;

B. A declaration from the Court that Emergent Law is not infringing upon any of Perkins Law's trademark rights in the EMERGENT LAW FIRM mark because there is no likelihood of consumer confusion;

C. A declaration from the Court that Emergent Law's use of the EMERGENT and EMERGENT LAW marks does not constitute false designation of origin or false description.

D.  A declaration from the Court that Emergent Law's use of the EMERGENT and EMERGENT LAW marks does not constitute any unlawful, unfair, or fraudulent business act or practice.

E.  Reasonable attorneys' fees, costs, and expenses; and

F.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Emergent Law hereby demands a jury trial on all issues and claims so triable.

Dated:  December 16, 2019                            PRANGER LAW PC

By: */s/Holly Pranger*
    Holly Pranger
    Attorney for Plaintiff
    EMERGENT LAW, P.C.

Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105